**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50014 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00645-H-1 |
| v. | MEMORANDUM[*] |
| JOSE JESUS MENDEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Court Judge, Presiding

Argued and Submitted January 11, 2017
Pasadena, California

Before: KOZINSKI and WATFORD, Circuit Judges, and BENNETT,[**] District
Judge.

Defendant-Appellant Jose Mendez appeals from a conviction and sentence

for improper reentry by an alien in the United States, in violation of 8 U.S.C. §

1326. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

**1.** The district court did not err in denying Mendez's motion under 8 U.S.C. § 1326(d) to dismiss the information. "We review *de novo* a claim that a defect in a prior removal proceeding precludes reliance on the final removal order in a subsequent § 1326 proceeding." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012) (citation omitted).

A defendant collaterally attacking a removal order must show: (1) he exhausted his administrative remedies; (2) the deportation proceedings improperly denied him judicial review; and (3) the entry of the removal order was fundamentally unfair. 8 U.S.C. § 1326(d). We have held that an underlying removal order is fundamentally unfair "when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *Reyes-Bonilla*, 671 F.3d at 1043 (quoting *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010)). "Where the relevant form of relief is discretionary, the alien must make a 'plausible' showing that the facts presented would cause the Attorney General to exercise discretion in his favor." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013) (citation and internal quotation marks omitted). For the Attorney General to grant discretionary relief, Mendez would have to show that a qualifying relative bears the burden of hardships that are "exceptional and extremely unusual." 8 C.F.R. § 212.7(d).

Mendez attempts to evade the force of § 1326(d) by claiming that his challenge is not a collateral attack on the underlying deportation proceeding, but rather a challenge related to the statutory elements of a § 1326(a) offense—that the government failed to prove the required element that he had previously been "deported." Mendez claims he was not "deported" for purposes of 8 U.S.C. § 1326 because the Final Administrative Removal Order was issued before he was served with the Form I-851 notice was a "legal nullity." No Ninth Circuit or federal case law suggests that characterizing a procedural defect as a "legal nullity" renders § 1326(d) inapplicable.

Mendez also collaterally attacks the underlying removal order by claiming that attempted murder under California law is not an "aggravated felony" for the purposes of 8 U.S.C. § 1228(b). We reject his theory that *People v. Cruz-Santos*, 2015 WL 7282040 (Cal. Ct. App. Nov. 18, 2015), renders attempted murder under California law broader than the generic form of the offense. Given that the marijuana grow operation in that case was armed and potentially violent, Mendez has failed to show that there is "something special" about California's application of the natural-and-probable-consequences doctrine to attempted murder that criminalizes conduct that most jurisdictions would not consider attempted murder. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 191 (2007); *see United States v.*

3

*Albino-Loe*, 747 F.3d 1206, 1214 (9th Cir. 2014).

Nor does Mendez's collateral attack succeed on his claim that the agency violated his due-process rights by placing him in expedited removal proceedings, in which discretionary relief under 8 U.S.C. § 1182(h) was not available. Mendez's challenge under §1326(d) fails. Even if we assume, *arguendo*, that Mendez's due-process rights were violated, he was not prejudiced by the issuance of the removal order before he was served with the Form I-851 notice. Under the plain language of § 1182(h), his conviction for attempted murder rendered him statutorily ineligible for that relief.

2. Mendez also argues that the district court erred in applying the sixteen-level sentencing enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), on his view that the government needed to prove that his prior deportation was valid by clear and convincing evidence in order for the enhancement to apply. Because we reject Mendez's collateral attack on his underlying removal order, it could support his prosecution under § 1326 and the government thus needed to prove only that Mendez was physically removed from the country in order to enhance his advisory sentencing range under § 2L1.2. *See United States v. Rodriguez-Ocampo*, 664 F.3d 1275, 1278 (9th Cir. 2011) (per curiam). Moreover, because Mendez's collateral attack raised only questions of law, it is irrelevant to the analysis that the

4

government carried the burden of proof at the sentencing phase. Thus, the district court did not err in applying the sixteen-level sentencing enhancement.

**AFFIRMED.**